# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE C. HARVEY, on behalf of himself and all those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 4:10CV02102 HEA |
| GENERAL ELECTRIC COMPANY, *et al.*, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants General Electric Company, GE Money Bank (now known as GE Capital Retail Bank), GE Consumer Finance, Inc., and General Electric Capital Corporation's (collectively, the "GE Defendants") Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 62]. Plaintiff filed an Opposition to the Motion [ECF No. 68], to which GE Defendants replied [ECF No. 71]. For the reasons set forth below, the Motion is DENIED.

## Factual Background[1]

Plaintiff brought this action on its own behalf, and on behalf of a class of all persons similarly situated pursuant to Federal Rule of Civil Procedure 23, against

---

[1] This recitation of facts is taken from Plaintiffs' Amended Complaint and is set forth for the purposes of this motion only. It in no way relieve the parties of the necessary proof thereof in later proceedings.

GE Defendants, WMC-GEMB Mortgage, LLC, WMC Mortgage Corp. and WMC Mortgage, LLC (collectively, "Defendants"). Plaintiff alleges that on or about October 10, 2006, Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(c), by sending an unsolicited advertisement to Plaintiff's telephone facsimile machine (Count I).  Additionally, Plaintiff brings a common law claim of conversion for the conversion of paper, toner, and employee's time (Count II).

**Defendants**

Plaintiff's Amended Complaint alleges the following: Defendant WMC Mortgage, LLC is the successor in interest of Defendant WMC Mortgage Corp.; Defendant WMC Mortgage, LLC is the successor in interest to Defendant WMC-GEMB Mortgage, LLC; Defendant WMC Mortgage, LLC is a wholly owned subsidiary of GE Defendants, specifically General Electric Capital Corporation; Defendant GE Money Bank (now known as GE Capital Retail Bank) is a wholly owned subsidiary of GE Defendants, specifically  GE Consumer Finance; Defendant GE Consumer Finance, Inc. is a wholly owned subsidiary of GE Defendants, specifically General Electric Capital Corp.;  Defendant General Electric Capital Corp. is a wholly owned subsidiary of General Electric Capital

Services, a publicly held company; General Electric Capital Services is a wholly owned subsidiary of GE Defendants, specifically General Electric Co..

Additionally, Plaintiff alleges that GE Defendant, specifically General Electric Co. is the ultimate owner of all outstanding capital stock and/or ownership interests in the lesser, nested defendants, and each of the lesser, nested defendants is the ultimate owner of all outstanding capital stock and/or ownership interests in the defendant entity nested below it. Plaintiffs contend that Defendants never had a genuine and separate corporate existence and exist solely as alter egos of the greater defendant corporate entity. Further, Plaintiff alleges that Defendants have utilized a series of nested corporate entities to wrongfully transact business while significantly undercapitalized and to avoid liability for their wrongdoings. According to the Amended Complaint, Defendants represented themselves as departments or divisions of GE Defendants, specifically General Electric Company's business enterprise. Plaintiff contends that Defendants collectively represent themselves as "GE Money Companies', and that "WMC" mortgage business has been undercapitalized by Defendants in an effort to avoid potential liabilities to current and prospective creditors, including Plaintiff and the members of the putative class in this case. Ultimately, Plaintiff alleges that the control Defendants asserted through these nested defendant entities was used to commit

fraud, wrong, violation of statute or legal duty, or a dishonest and unjust act in contravention of the legal rights of Plaintiff and the members of the putative class–namely, to commit the transmission of unsolicited facsimile advertisements.

## Discussion

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, a claim is facially plausible where "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal alterations and citations omitted). Thus, application of this standard suggests a two-step analysis under which the Court may first determine (1)

whether there are factual allegations in the complaint sufficient to entitle the plaintiff to "the assumption of truth," and if so, (2) "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. 1937, 1950; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must therefore take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555-56. The Court does not, however, accept as true any allegation that is a legal conclusion. *Iqbal*, 129 S.Ct. at 1949-50. The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only

conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id*.; *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

The relevant inquiry with respect to "WMC Mortgage business" is whether Plaintiff has sufficiently alleged that GE Defendants should be deemed the alter ego of "WMC Mortgage business."

It is a general principle of corporate law "deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries." *United States v. Bestfoods,* 524 U.S. 51, 61 (1998). In certain instances, however, the alter ego doctrine allows for piercing the corporate veil so that liability can be placed on a parent corporation. The elements of a veil-piercing claim under Missouri law include (i) "control" of one corporation by the other and "control in this context means complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the

corporate entity as to this transaction had at the time no separate mind, will or existence of its own"; (ii) the corporate structure was "used to commit fraud, wrong, a violation of statute or other legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights"; and (iii) such fraud, wrong or violation of statutory or other legal duty or dishonest and unjust act in contravention of plaintiff's rights "proximately caused the injury of which plaintiff complains." *Radaszewski ex rel. Radaszewski v. Contrux, Inc.*, 891 F.2d 672 (8th Cir.1989).

In support of its alter ego theory, Plaintiff broadly outlined the relationships among the multiple Defendants and submitted General Electric Company's Q-10 SEC filing, which Plaintiff submitted to call to question the adequacy of capitalization. Based on the facts alleged Amended Complaint, it appears to the Court that GE Defendants are in some way interrelated to the other remaining defendants. At this stage of litigation, however, the extent of the relationship amongst all the defendants is still unclear. "A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) after allowing time to file and amended complaint." *Mangan v. Weinberger,* 848 F.2d 909, 911 (8th Cir. 1988). However, such dismissals are drastic sanctions and should be sparingly exercised. *Id.* In Plaintiff's Memorandum in Opposition to GE Defendants' Motion to Dismiss [ECF No. 68], he notes that if the Court were

7

inclined to grant GE Defendants' motion to dismiss, that the Court first grant Plaintiff time to obtain additional information relevant to his veil-piercing claim. In this instance, pursuant to Fed. R.Civ. P.8 and 10, the Court is inclined to allow Plaintiffs to conduct limited discovery which focuses on the relationships between all the defendants and file an Amended Complaint that expounds on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that GE Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 62] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall submit within twenty (20) days from this Order a Second Amended Complaint which expounds on the interrelationship among the Defendants.

Dated this 28th day of August, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE